UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:04-CR-138 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| JOSEPH SWAFFORD and | ) | |
| JES, INC. d/b/a BROADWAY HOME | ) | |
| AND GARDEN CENTER | ) | |

## **M E M O R A N D U M**

Before the Court is a motion filed by Defendant Joseph Swafford ("Defendant Swafford") asking the Court to reconsider its Order disqualifying attorneys in the firm of Shumacker, Witt, Gaither & Whitaker, PC from any further representation of Defendant Swafford (Court File No. 82). After considering the motion, supporting affidavits (Court File No. 82, Exh. 1, 2), and the Government's response thereto (Court File No. 87), the Court will **DENY** Defendant's motion to reconsider.

**I.    ANALYSIS**

The Court will not reiterate the factual background of this matter, but would refer to the full statement of facts in its previous Memorandum on the disqualification issue (Court File No. 78).

Defendant Swafford in his motion to reconsider takes issue with two points in the Court's analysis of this issue in its previous Memorandum (*id.*). First, Defendant Swafford notes a statement the Court included in its Memorandum, made by Trial Attorney with the Department of Justice Paul

Laymon, is factually untrue. Mr. Laymon at the hearing on the disqualification issue stated he was considering calling Defendant's present counsel to testify as to the reasons Defendant Swafford, despite a longstanding business relationship with them, consulted a third attorney in the law firm for advice rather than one of them (*see* Court File No. 74, Transcript of Hearing on Motion for Judicial Inquiry October 3, 2005 "Hearing Trans."), p. 33). Defendant Swafford states no "longstanding business relationship" exists between Defendant Swafford and former defense counsel Hugh Moore and Steve Powers and to the extent the Court relied on Mr. Laymon's assertion of such a relationship, Defendant requests the Court reconsider its prior ruling.

The Court considered this fact in its ruling, but, as outlined in the previous Memorandum, it was not the central reason for its decision, and the Court finds this argument does not warrant a reconsideration of the ruling.

Defendant next asserts although he waived the advice-of-counsel defense, he has not waived a general good-faith defense, and presentation of this good-faith defense evidence would include evidence of his reliance upon the fact he asked attorneys as well as other individuals about the legality of the sale of iodine. Because the Court in its previous Memorandum focused on the advice-of-counsel defense, not the good-faith defense, Defendant requests the Court reconsider its prior ruling. Defendant, however, does not present any arguments as to why the Court should be any less concerned with a conflict of interest arising out of the good-faith defense than it was with the advice-of-counsel defense.

The Court believes the exact same conflict of interest issues arise with a good-faith defense as with an advice-of-counsel defense. Defendant Swafford is charged with crimes involving a mental state of knowledge, intent, or reasonable cause to believe the iodine would be used in the

2

manufacture of methamphetamine. Both of these defenses attempt to negate the requisite mental state. See *United States v. Lindo*, 18 F.3d 353, 356 (6th Cir. 1994) (outlining elements of advice-of-counsel defense); *United States v. Woods*, 877 F.2d 477, 481 (6th Cir. 1989) (good faith mistake of fact or law can negate the mental state of a crime). In presenting either defense, Defendant Swafford would necessarily need to put on evidence showing how he came to his alleged good-faith belief about the legality of his activities. Therefore, Defendant Swafford would be faced with the choice of whether to call an attorney or attorney who works in the same law firm as Mr. Moore and Mr. Powers as a witness if he relied on either defense. Neither the potential conflicts of interest inherent in this decision, outlined in full in the Court's previous Memorandum, nor the Court's Sixth Amendment analysis based on *Wheat v. United States*, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988), changes if Defendant Swafford wishes to rely on a good-faith defense rather than an advice-of-counsel defense.

Accordingly, for all the foregoing reasons, the Court will **DENY** Defendant Swafford's Motion to Reconsider (Court File No. 82).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

3

Case 1:04-cr-00138-CLC-SKL   Document 97   Filed 12/13/05   Page 3 of 3   PageID #: 71