UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-138 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| JOSEPH SWAFFORD and ) | |
| JES, INC. d/b/a BROADWAY HOME ) | |
| AND GARDEN CENTER ) | |

## **M E M O R A N D U M**

The Court has previously, upon the Government's motion for judicial inquiry, considered the issue of a conflict of interest between Defendant Joseph Swafford ("Defendant Swafford") and his former counsel (*see* Court File Nos. 78, 79). The Government has now filed a second motion for judicial inquiry (Court File No. 121) arguing Defendant JES, Inc., d/b/a Broadway Home and Garden Center's ("Defendant JES") current counsel are suffering a conflict of interest and cannot continue to represent Defendant JES in this matter. Defendant Swafford filed a motion to file a response in opposition to the Government's motion (Court File No. 124), which the Court will **GRANT**; the Court will consider Defendant Swafford's response (Court File No. 125) in ruling on this motion. Defendant JES also filed a response (Court File No. 128) the Court has considered in this ruling.

The Court sees no need to hold a hearing in this matter, therefore Defendant Swafford's request for a hearing will be **DENIED**. After considering the law and the facts as presented by the parties, the Court will **DENY** the Government's request to disqualify attorneys in the law firm of

Shumacker, Witt, Gaither & Whitaker, PC from any further representation of Defendant JES (Court File No. 121).

## I. Procedural History

The Court previously disqualified the law firm of Shumacker, Witt, Gaither & Whitaker, PC, which had up to that point been representing both defendants, from further representation of Defendant Swafford only (*see* Court File Nos. 78, 79), as the Government in its first motion for judicial inquiry only raised issues of a conflict of interest between the firm and Defendant Swafford (*see* Court File No. 60). Accordingly, Shumacker, Witt, Gaither & Whitaker, PC has continued in its representation of Defendant JES. The Government apparently was not aware the law firm of Shumacker, Witt, Gaither & Whitaker, PC had not been disqualified by the Court's previous order from representing Defendant JES (*see* Court File No. 121 at 1), and now again moves for a judicial inquiry specifically into conflict of interest issues between the law firm and Defendant JES (*id.*).

## II. Facts

The Court set out many of the facts relevant to the instant matter in that prior ruling; the Court here will set out only those facts relevant to this ruling.

Defendant Swafford is the sole shareholder of his corporate codefendant, Defendant JES (Court File No. 128). Defendants are charged with various crimes involving the possession and sale of iodine at Broadway Home and Garden Center (Court File No. 23, Superseding Indictment). Additionally, the Superseding Indictment contains certain forfeiture allegations against Defendants' assets, including specifically real property owned by Defendant JES and cash found at Defendant
2

Swafford's residence and in a safe deposit box registered in the names of his wife and adult daughter (*id*.). Defendant JES states it is not aware of any property held jointly by Defendant Swafford and Defendant JES, and asserts Defendant JES owns all of its corporate property in its own name as a legal entity separate from Defendant Swafford (Court File No. 128 at 10).

During the final pretrial conference held September 2, 2005, Assistant United States Attorney Gregg Sullivan raised the issue of Defendant Swafford presenting an advice-of-counsel defense at trial (*see* Court File No. 75, Transcript of Final Pretrial Conference September 2, 2005 ("Final Pretrial Trans.") p. 8). Defendant Swafford's former counsel, attorney Tom Greenholtz, informed the Court Defendant Swafford contacted the law firm of Shumacker, Witt, Gaither & Whitaker, PC in February, March, or April of 2004 for advice (Final Pretrial Trans. at 8-9). Mr. Sullivan then brought up what he perceived to be a conflict of interest for the law firm of Shumacker, Witt, Gaither & Whitaker, PC if Defendant Swafford testified to advice he received from a particular attorney (the "attorney witness") with that firm and the Government wished to call that attorney in rebuttal to that testimony (*id*. at 10).

The parties fully briefed the conflict of interest issue, and the Court held a hearing on October 3, 2005. During this hearing, in response to an affidavit filed by Defendant Swafford the Court saw as an attempt to waive any potential conflict that might arise, the Court called Defendant Swafford to the lectern and inquired about his understanding of the potential conflicts of interest (*see* Court File No. 74, Transcript of Hearing on Motion for Judicial Inquiry October 3, 2005 "Hearing Trans."), pp. 5-15). Defendant Swafford indicated he had not sought the advice of outside counsel on these issues, but he did wish to waive any conflicts raised by the continued representation by Shumacker, Witt, Gaither & Whitaker, PC and would be willing to waive the defense in order to

3

retain that firm (*id*. at 5-19).

**III. Legal Analysis**

    **A. Joint Representation**

The Government first argues because "the representation by [Shumacker, Witt, Gaither & Whitaker, PC] here is really still joint representation," the Court must apply Fed. R. Crim. P. 44 and inquire whether this "joint representation" is appropriate (Court File No. 121 at 2). Rule 44 states "[j]oint representation occurs when: (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13 and (B) the defendants are represented by the same counsel, or counsel who are associated in law practice." Fed. R. Crim. P. 44(c)(1). In this situation, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2).

Here, each defendant is represented not only by a separate lawyer, but by two entirely separate law firms; Defendant Swafford by attorney Paul Cross of Clements & Cross and Defendant JES by attorney Tom Greenholtz of Shumacker, Witt, Gaither & Whitaker, PC. Thus, because there is no "joint representation," the first part of Rule 44 is not triggered, and the Court need not conduct an inquiry into the propriety of this representation.

The Government alleges "[w]hat is really happening here is that [Shumacker, Witt, Gaither & Whitaker, PC] is still representing both the defendant Swafford and the defendant [JES] . . . The defendant Swafford is in reality the corporation [JES], as there is no one else with real power in the

4

corporation" (Court File No. 121 at 4-5). Defendant Swafford is the sole shareholder of Defendant JES and, as such, may still be working with Shumacker, Witt, Gaither & Whitaker, PC in the course of making legal decisions for Defendant JES. However, Defendant Swafford's assistance to Shumacker, Witt, Gaither & Whitaker, PC in the course of that firm's representation of Defendant JES is not equivalent to Shumacker, Witt, Gaither & Whitaker, PC jointly representing Defendant Swafford and Defendant JES. "A corporation and its stockholders are distinct legal entities even if all the stock in the corporation is owned by one stockholder." *Hadden v. Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988) (citing *Parker v. Bethel Hotel Co.*, 96 Tenn. 252, 34 S.W. 209, 215 (1896)). Shumacker, Witt, Gaither & Whitaker, PC's representation of the corporation is not equivalent to its representing the individual shareholder of that corporation as they are entirely separate entities.

Shumacker, Witt, Gaither & Whitaker, PC has ceased its representation of Defendant Swafford in accordance with the Court's Orders disqualifying it (Court File Nos. 79, 98). As noted by Defendant JES in its reply brief, Shumacker, Witt, Gaither & Whitaker, PC has ceased its filings on behalf of Defendant Swafford and Defendant Swafford's new individual counsel has "wad[ed] into the thickets of this case" by making numerous filings since being appointed (Court File Nos. 89, 95, 99-100, 103-111, 114-117, 124, 125, 127, 130). The Government has not shown Shumacker, Witt, Gaither & Whitaker, PC is engaged in joint representation of Defendant JES and Defendant Swafford that would trigger a judicial inquiry under Rule 44.

**B.     Hostile Defenses**

The Government's next argument for disqualification of Shumacker, Witt, Gaither & Whitaker, PC is the two defendants may present "hostile defenses" during their joint trial, such as Defendant JES asserting Defendant Swafford "had no authority to act in the manner he did or that

5

the corporation should not be held responsible for his unlawful conduct" (Court File No. 121 at 2). Additionally, the Government hypothesizes, if either defendant is convicted and the Court conducts proceedings regarding the forfeiture allegations, the two defendants "may defend the asset forfeiture allegations in very different and conflicting ways, with the corporation trying to salvage something of value for the benefit of [Defendant Swafford's wife and adult daughter]" (Court File No. 121 at 3). The Government does not indicate why Shumacker, Witt, Gaither & Whitaker, PC's representation of Defendant JES would affect these potential conflicts between the two defendants any differently than any other law firm's representation would.

Defendant JES has indicated the defenses presented by Defendant JES and Defendant Swafford "are, and will be, entirely consistent. For example, [Defendant] Swafford does not appear to be asserting that he acted at any time outside of his role as an employee, officer, and agent of JES, Inc. in any sale of iodine. For its part, [Defendant] JES, Inc. has never asserted that Swafford acted outside of his capacity as an agent of the corporation" (Court File No. 128 at 7). Defendant JES also states neither defendant will raise an inconsistent position with regard to the affirmative defenses of advice-of-counsel or good faith (*id.*).

Even if Defendants do present inconsistent defenses at trial despite their assurances to the contrary, the potential problems to which the Government points are not so much a conflict of interest between Shumacker, Witt, Gaither & Whitaker, PC and Defendant JES or Defendant Swafford but between the defenses Defendant JES and Defendant Swafford may present. The solution in that scenario, which Defendant JES has assured the Court is an unlikely one as the two defendants do not intend to present adverse defenses, would be to sever the defendants' trials pursuant to Fed. R. Crim. P. 14, not disqualify Shumacker, Witt, Gaither & Whitaker, PC from

6

representing Defendant JES.

### C. Advice-of-Counsel Defense

The Government also argues the actual and potential conflicts presented by the advice-of-counsel defense, previously discussed at length by the Court in its ruling on the Government's prior motion for judicial inquiry (Court File No. 78 at 9-13), should lead to disqualification of Shumacker, Witt, Gaither & Whitaker, PC from representation of Defendant JES.

The potential conflicts of interest with regard to this defense raised in the previous motion for judicial inquiry were between Shumacker, Witt, Gaither & Whitaker, PC and Defendant Swafford, and arose first in the context of Defendant Swafford's decision whether or not to present this defense. Defendant Swafford during proceedings on that prior motion indicated he did not intend to present the advice-of-counsel defense or call any attorneys from Shumacker, Witt, Gaither & Whitaker, PC, but the Court in ruling on that motion found an actual conflict of interest existed that prevented Shumacker, Witt, Gaither & Whitaker, PC from counseling Defendant Swafford on this decision in accordance with his right to counsel under the Sixth Amendment (*see id.*). The Court also found potential conflicts would arise if either Defendant Swafford or the Government called an attorney from that law firm with regards to the defense, in which case Defendant Swafford's former counsel would be forced to question or cross examine their law partner. The Government seems to argue those same actual and potential conflicts of interest between Defendant Swafford and Shumacker, Witt, Gaither & Whitaker, PC are still present between Defendant JES and Shumacker, Witt, Gaither & Whitaker, PC. This is true in part, but the consequences of these conflicts, and the appropriate remedy, are different in this context now that Defendant Swafford is represented by separate, unconflicted counsel.

7

Defendant Swafford has indicated he does not intend to raise the advice-of-counsel defense or call as a witness any attorney regarding this defense (see Court File No. 125 at 2). Defendant Swafford and his current, unconflicted counsel have made the decision not to present an advice-of-counsel defense or any other defense that would require calling any attorneys associated with Shumacker, Witt, Gaither & Whitaker, PC to testify, therefore the *actual* conflict related to this defense about which the Court was concerned is not present. Defendant Swafford's current counsel also indicates he would object to the relevancy of any questions posed by the Government regarding Defendant Swafford's consultation of any attorney (Court File No. 125 at 2).

However, at least one potential conflict of interest remains. The Government asserts although both defendants have agreed this defense will not be raised at trial, "such a defense could still come up at trial, potentially leading one side or the other to call as a witness a lawyer from [Shumacker, Witt, Gaither & Whitaker, PC]" (Court File No. 121 at 3). The Court agrees; if Defendant Swafford takes the stand at trial, it is very possible he may bring up his consultation with attorneys from Shumacker, Witt, Gaither & Whitaker, PC, a possibility the Court cannot rule out despite Defendant Swafford's assurances to the contrary. In that case, an actual conflict would arise in the Government's calling as a witness the attorney or attorneys with whom Defendant Swafford spoke, and Defendant JES's counsel being required to cross-examine a member or members of their own law firm. However, the Court's remedy in that instance, as mentioned above, would be to sever the two defendants pursuant to Fed. R. Crim. P. 14, rather than to disqualify Shumacker, Witt, Gaither & Whitaker, PC from further representation of Defendant JES. Defendant Swafford's trial could continue and his unconflicted counsel could meet their obligations under the Sixth Amendment of effectively representing him. The Court would then try the charges against

8

Defendant JES separately. It is almost unthinkable this defense would come up in a trial of the corporate defendant only, obviating any potential conflict of interest that would require disqualification of Shumacker, Witt, Gaither & Whitaker, PC from representing Defendant JES.

### D. Former Client Conflict

The Government's final argument for disqualification raises the issue of a conflict Shumacker, Witt, Gaither & Whitaker, PC may have with its current client, Defendant JES, because of its responsibilities to its former client, Defendant Swafford (Court File No. 121 at 4). Under Tennessee ethics rules, codified in the Tennessee Rules of Professional Conduct, a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents in writing after consultation." TN S. Ct. Rule 8, RPC 1.9(a) (2005). As noted above, Defendant JES and Defendant Swafford agree their interests are aligned, rather than adverse, to one another and they intend to present consistent defenses. Therefore this representation is not limited by this portion of the former-client rule.

However, the rule goes on to state, "[u]nless the former client consents after consultation, a lawyer who has formerly represented a client in a matter . . . shall not thereafter (1) use information relating to the representation to the disadvantage of the former client . . . or (2) reveal information relating to the representation of the former client except as these Rules otherwise permit or require with respect to a client . . ." TN S. Ct. Rule 8, RPC 1.0(c) (2005). The Government argues Shumacker, Witt, Gaither & Whitaker, PC will be materially limited in its representation of Defendant JES by these responsibilities to Defendant Swafford, particularly in its inability to "take advantage of an obvious defense– 'he did it'" (Court File No. 121 at 4). Again, Defendant JES has

9

decided its strategy at trial will not be adverse to Defendant Swafford, so the Court cannot imagine how the confidences Defendant Swafford shared with Shumacker, Witt, Gaither & Whitaker, PC could be used "to the disadvantage" of Defendant Swafford, or otherwise revealed, as the rule contemplates. TN S. Ct. Rule 8, RPC 1.0(c) (2005).

The Court finds no former client conflict that would require Shumacker, Witt, Gaither & Whitaker, PC to be disqualified from continuing to represent Defendant JES in this matter.

**IV.    Conclusion**

Having found no actual or potential conflicts of interest that cannot be remedied by severance of Defendants' trials should they arise, the Court need not inquire whether such conflicts require disqualification of counsel under *Wheat v. United States*, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). The Court will therefore **DENY** the Government's second motion for judicial inquiry (Court File No. 121), will **GRANT** Defendant Swafford's motion to file a response in opposition to the Government's motion (Court File No. 124), and will **DENY** Defendant Swafford's request for a hearing.

An Order shall enter.

                                                  **/s/**
                                                  **CURTIS L. COLLIER**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**