UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-138 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| JOSEPH SWAFFORD and ) | |
| JES, INC., d/b/a BROAD WAY HOME ) | |
| AND GARDEN CENTER ) | |

**M E M O R A N D U M**

This criminal matter is pending trial before the Court. Now before the Court is Defendant Joseph Swafford's ("Defendant Swafford") objection (Court File No. 132) to the Report and Recommendation) filed by United States Magistrate Judge Susan K. Lee (Court File No. 131 ).

On December 26, 2005, Defendant Swafford filed a motion to suppress evidence resulting from any conversations between the defendant and a confidential informant on September 30, 2004 (Court File No. 111). The Court referred the motion to Magistrate Judge Lee to conduct an evidentiary hearing and make a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The government filed its brief in opposition to the motion (Court File No. 123) and an evidentiary hearing was held on January 23, 2006 before Magistrate Judge Lee. At the January 23, 2006 evidentiary hearing, Defendant JES Inc. d/b/a/ Broadway Home and Garden Center ("Defendant JES") moved to join in Defendant Swafford's motion to suppress without objection from the government. The magistrate judge granted the motion. On January 31, 2006, Magistrate Judge Lee filed her R & R recommending Defendant Swaffords' motion be granted in part and denied in part (Court File No. 131).

In his objection Defendant Swafford states his only objection to the R&R is it fails to suppress the conversation between the confidential informant and the Defendant which took place on September 30, 2004 (Court File No. 132).[1] The government has not objected to the R&R. For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation.

I.  **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

II. **RELEVANT FACTS**

Although the motion to suppress referred to evidence obtained on September 30, 2004, the evidence and arguments at the hearing addressed events that took place on October 4, 2004. Magistrate Judge Lee addressed this apparent disparity in her R&R. The Court can only assume the parties for their own reasons ignored events transpiring on September 30, 2004, and devoted their attention to the events that took place on October 4, 2004.

Magistrate Judge Lee described the issue presented by the parties as:

---

[1] Defendant Swafford's objection alleges the Government has conceded the challenged evidence is inadmissible at trial. If this is the case then there is nothing for the Court to suppress. If this is not the case then the Court may still need to address a remaining evidentiary issue. The Court does not have the benefit of the Government's position on this point so the Court assumes defense counsel is correct. Whatever the status of the issue, the parties should be prepared to announce to the Court where we stand on this issue at the final pretrial conference scheduled for Thursday, February 9, 2006.

2

whether evidence gained as a result of stopping certain customers after they left JES/Broadway on October 4, 2004 should be suppressed. In other words, whether the evidence allegedly "traceable" to the October 4, 2004 surveillance that took place during [DEA Special Agent] Shelton's first visit to JES/Broadway should be suppressed.

The evidence at the hearing was supplied by the testimony of Hamilton County, Tennessee Sheriff's Department Detective Lieutenant Tommy Farmer. Neither side objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statement of facts in her R&R (Court File No. 45, pp. 1-6).

### III. DISCUSSION

Defendants argued all three stops of customers exiting Defendant JES's were "fruit of the poisonous tree," premised on allegedly improper contact by Shelton after Defendants were indicted by the grand jury on September 15, 2004. The magistrate judge's R&R recommended Defendants' motion to suppress be granted in part and denied in part as follows:

(1) Evidence concerning the stop of the Nissan pickup truck on October 4, 2004, and any evidence gathered as a result of the stop, be suppressed;

(2) Evidence concerning the stop of the Ford F-100 pickup truck on October 4, 2004, and any evidence gathered as a result of the stop, not be suppressed; and,

(3) Evidence concerning the stop of the Chevrolet Camaro on October 4, 2004, and any evidence gathered as a result of the stop, not be suppressed.

Neither party objected to the magistrate judge's ruling as to the three vehicles stopped on October 4, 2004 and the resulting evidence. Therefore, the Court will **ACCEPT** and **ADOPT** the magistrate judge's recommendation.

## IV. CONCLUSION

For the reasons stated above, the Court will **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation and will accordingly **DENY IN PART** Defendants' motion to suppress (Court File No. 111) to the extent the motion challenges evidence concerning the traffic stops of the Ford F-100 pickup truck and the Chevrolet Camaro on October 4, 2004, and any evidence gathered as a result of those two stops. The Court will **GRANT IN PART** Defendants' motion to suppress (Court File No. 111) with respect to any evidence seized as a result of the traffic stop of the Nissan pickup truck.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**