UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-138 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| JOSEPH SWAFFORD, and ) | |
| JES, INC., d/b/a BROADWAY HOME AND ) | |
| GARDEN CENTER ) | |
| ) | |

## MEMORANDUM & ORDER

Before the Court is a situation involving the dismissal from service of Mr. Robert Hatch, the fourth alternate juror in the case before the Court. During voir dire, Mr. Hatch indicated he would have difficulty serving on a two-week trial. Last week, he notified the courtroom deputy clerk he was experiencing difficulties. In part, in response to that, the Court agreed to allow the jury to select a shortened schedule for this week. In spite of this accomodation, Mr. Hatch renewed his request to be excused with the courtroom deputy. During an afternoon break in the trial on February 27, 2006, in open court, Mr. Hatch stated he has been involved in a two-year project at work and has notified the Court the deadline for this project is March 11, 2006. In response to questions from the Court and from both parties' counsel during the break, Mr. Hatch indicated the pending deadline for the project is constantly on his mind during the trial and he spends his morning and afternoon breaks working on the project. He requested the Court to dismiss him from further service as the fourth alternate juror on this case. When the Court indicated the wisest course would likely be to excuse Mr. Hatch, defense counsel for Defendant Joseph Swafford and Defendant JES, Inc. raised

objection.

A trial court may release a juror whenever it is convinced a juror's ability to perform his or her duty is impaired. *United States v. Smith*, 550 F.2d 277 (5th Cir. 1977) (juror napping throughout trial); *United States v. Armijo*, 834 F.2d 132 (8th Cir. 1987) (juror involved in car accident); *United States v. Cameron*, 464 F.2d 333 (3d Cir. 1972) (juror properly excused because juror continually falling asleep); *United States v. Hoffa*, 367 F.2d 698 (7th Cir. 1966), vacated on other grounds, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967) (juror properly excused because juror's mother had become seriously ill); *United States v. Houlihan*, 332 F.2d 8 (2d Cir.), cert. denied, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964) (juror properly excused because juror was a nurse and her patient had suffered a heart attack); *U.S. v. Brown*, 571 F.2d 980 (6th Cir. 1978) (juror properly excused after a serious quarrel with her husband). Although a district court's decision to dismiss a regular juror and to replace the juror with an alternate is subject to review on appeal, the trial judge's action will not be grounds for reversal unless an abuse of discretion has been committed. *Brown*, 571 F.2d at 985 (citing *United States v. Gay*, 522 F.2d 429, 435 (1978); *United States v. Florea*, 541 F.2d 568, 573 (6th Cir. 1976)). Moreover, the consent of the parties to the dismissal need not be obtained. *Id.*

The common thread among the cases cited above indicate it is proper for the Court to dismiss a juror from service where something weighs so heavily on the juror's mind it renders him incapable of concentrating on the evidence. The Court is concerned Mr. Hatch is unable to properly shoulder his responsibility as a juror to listen carefully to the evidence and weigh the credibility of the witnesses before the Court. Mr. Hatch stated he is constantly concerned about his impending work deadline. He is worried he will not be able to meet his deadline as a result of his continued service

as an alternate juror. The Court attempted to accommodate Mr. Hatch's concern by giving the jury two half-day breaks during the trial week, but Mr. Hatch indicated receiving such time off from jury service would not help his situation. Further, in response to questions posed by the Court, Mr. Hatch stated his mind wanders during the testimony of the trial. Based upon Mr. Hatch's statements in response to the question posed by the Court and both parties' counsel, the Court finds Mr. Hatch's ability to perform his duty as an alternate juror is impaired. Accordingly, the Court **GRANTS** Mr. Hatch's request to be dismissed from further service as an alternate juror in this case and **OVERRULES** defense counsel's objection to his dismissal.

**SO ORDERED.**

**ENTER:**

/s/Curtis L. Collier
Chief United States District Judge