UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 1:04-cr-138 |
| : | COLLIER / LEE |
| JOSEPH SWAFFORD, and : | |
| JES, INC., d/b/a BROADWAY HOME : | |
| AND GARDEN CENTER : | |

## **REPORT AND RECOMMENDATION**

Before the Court is the *pro se* motion of defendant JES, Inc. d/b/a Broadway Home and Garden Center ("JES") filed by defendant Joseph Swafford ("Swafford") to proceed *in forma pauperis* on appeal, to appoint counsel, and to grant a reasonable extension of time in which to perfect an appeal [Doc. No. 220]. Swafford, in his capacity as president and sole shareholder of JES, has also filed a notice stating JES intends to dismiss its retained counsel [Doc. No. 219] and a *pro se* motion for joint or consolidated appeals [Doc. No. 218].

Swafford and JES were sentenced on June 16, 2006, and judgments were entered on June 28, 2006 [Doc. Nos. 193, 195]. A notice of appeal was filed by both JES and Swafford on June 26, 2006 [Doc. No. 192, 194]. Swafford has filed a *pro se* affidavit in support of JES's motion to proceed *in forma pauperis* [Doc. No. 221]. The affidavit states JES has no money or cash and all of its real property has been seized by the government [*id.* at 2].

**(1)** **Motion for *in forma pauperis* status**

Pursuant to Fed. R. App. P. 24(a)(1), which mirrors Sixth Circuit Rule 24, an appellant seeking to proceed on appeal *in forma pauperis* must file a motion in the district court. If the district court

denies the motion, the district court must state its reasons for such a denial in writing, and the appellant may then apply to the Sixth Circuit for leave to proceed as a pauper. Fed. R. App. P. 24(a)(2) and (5).

I find JES cannot proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. 1915. The Supreme Court has held the "persons" which are entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915 include only natural individual persons, not corporations or associations. *Rowland v. California Men's Colony*, *Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). In addition, the corporate status of JES prevents it from proceeding *pro se*. *See Brittian v. Koplove*, No. CIV.A. 86-0105, 1986 WL 1562, * 1 (E.D. Pa. Jan. 30, 1986). Accordingly, I **RECOMMEND** the portion of JES's motion to proceed *in forma pauperis* on appeal [Doc. No. 220] be **DENIED**.

**(2)  Motion to appoint counsel on appeal**

Based upon JES's notice it intends to dismiss its retained counsel [Doc. No. 219], it appears JES seeks appointed replacement counsel on appeal. As JES does not qualify for *in forma pauperis* status under 28 U.S.C. § 1915, I **RECOMMEND** the portion of JES's motion that requests the district court appoint replacement counsel on appeal [Doc. No. 220] be **DENIED without prejudice** to JES's right to raise this issue before the Sixth Circuit.

**(3)  Motion for an extension of time to perfect appeal**

JES's appeal, *U.S. v. JES, Inc.*, No. 06-5880, is now pending before the Sixth Circuit. Accordingly, I further **RECOMMEND** the portion of JES's motion which seeks an extension of time from this Court to perfect an appeal [Doc. No. 220] be **STRICKEN** as **MOOT**.

**(4)     Motion for joinder/consolidation of defendants' appeals**

As notices of appeal have been filed, jurisdiction to make any determinative ruling in the case has been transferred to the Sixth Circuit. *Drake v. Gordon*, 848 F.2d 701, 705 (6th Cir. 1988). Thus, I **RECOMMEND** the motion for joinder or consolidation of appeals [Doc. No. 218] be **DENIED** without prejudice to JES's right to raise this issue before the Sixth Circuit.

In conclusion, and as set forth more fully above, it is **RECOMMENDED**[1]:

1).   The portion of JES's motion to proceed *in forma pauperis* on appeal [Doc. No. 220] be **DENIED**;

2).   The portion of JES's motion requesting that the district court appoint counsel to represent JES on appeal [Doc. No. 220] be **DENIED without prejudice** to JES's right to raise this issue before the Sixth Circuit;

3).   The portion of JES's motion which seeks an extension of time to perfect an appeal [Doc. No. 220] be **STRICKEN** as **MOOT**; and

4).   The motion for joinder or consolidation of the appeals [Doc. No. 218] be **DENIED without prejudice** to JES's right to raise this issue before the Sixth Circuit.

                                          s/Susan K. Lee
                                          SUSAN K. LEE
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).